# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC WONG,<br><br>     *Plaintiff,*<br><br>v.<br><br>MUDDY PIG, INC., ST. PAUL DEVELOPMENT CORPORA-TION,<br><br>     *Defendants.* | Case No.<br>14cv3334 RHK/TNL<br><br>**COMPLAINT**<br><br>**Injunctive Relief Sought** |

RECEIVED
14 SEP -2 PM 4:18
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

Plaintiff, Eric Wong, by and through his undersigned counsel, brings this action against Defendants Muddy Pig, Inc., a Minnesota business corporation, and St. Paul Development Corporation, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and for violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A (the "MHRA"), and alleges as follows:

## INTRODUCTION

1.      Plaintiff is a person with a disability. He brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Specifically, the restaurant/bar commonly referred to as "The Muddy Pig," located at 162 Dale Street North, St. Paul, MN 55102, a place of public accommodation within the meaning of the ADA and the MHRA, has failed to remove barriers preventing or limiting entry and full and equal use of the store facilities to persons

SCANNED
SEP - 3 2014
U.S. DISTRICT COURT MPLS

with disabilities, like Plaintiff, notwithstanding that such modifications are readily achievable.

2.      The failure of Defendants to provide equal access to "The Muddy Pig" violates the mandate of the ADA and the MHRA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, privileges, and advantages. Remedying such access barriers is critical to the statutory goal of the ADA and MHRA of providing persons with disabilities the same access that others take for granted.

3.      Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendant Muddy Pig, Inc. was given advance notice that its facilities contained accessibility barriers through a letter sent on June 9, 2014, prior to the initiation of the instant suit for relief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

4.      Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal and state law and an injunction requiring Defendants to make reasonable modifications to the facilities in compliance with ADA requirements so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that, given Defendants' historical failure to comply with the ADA's mandate, the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants come into compliance with the relevant requirements of the ADA and to ensure that Defendants have adopted measures that will, in fact, cause them to remain in compliance with the law.

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1343(a)(3). This action includes federal law claims brought pursuant to Title III of

the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court may exercise supplemental jurisdiction over Plaintiff's nonfederal law cause of action, violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A, because the claims asserted in this action arise from a common nucleus of operative fact. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

6.      Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

7.      Plaintiff, Eric Wong, is, and at all times relevant hereto was, a resident of the city of Minneapolis, in the State of Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat. 363A.03, Subd. 12. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq.*, and under the MHRA.

8.      Mr. Wong suffers from Ehlers-Danlos syndrome, a rare and disabling genetic condition typified by joint instability and chronic musculoskeletal pain. He suffers frequent subluxations (partial dislocations) of the shoulders, elbows, hips, and knees. He is substantially limited in performing several major life activities, including but not limited to walking and standing. Postural orthostatic hypertension, a condition related to Ehlers-Danlos syndrome, can cause him to faint while performing tasks that require him to stand upright. He uses a wheelchair for mobility when traveling outside his home. As a person with a disability, he has a personal

interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

9.      Defendant Muddy Pig, Inc. is a Minnesota business corporation located at 162 Dale Street North, St. Paul, MN 55102. Upon information and belief, Muddy Pig, Inc. is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); *see* 28 C.F.R. § 36.104. Muddy Pig, Inc. is therefore a "public accommodation" within the meaning of Title III of the ADA. *See* 42 U.S.C. §§ 12181(7)(B), 12181(a); 28 C.F.R. § 36.104

10.     Defendant St. Paul Development Corporation is a Minnesota business corporation that owns the building in which The Muddy Pig bar and restaurant is located. St. Paul Development Corporation is therefore a "public accommodation" within the meaning of Title III of the ADA. 28 C.F.R. § 36.201.

## FACTUAL BACKGROUND

11.     On or about June 6, 2014, Plaintiff visited "The Muddy Pig", approximately 8.5 miles from his place of residence.

12.     Plaintiff attempted to enter "The Muddy Pig," but the entrance was inaccessible due to the presence of a significant change in level at the entrance threshold—a vertical step of approximately 6 inches—and the lack of a ramp. Plaintiff verified the absence of an accessible entrance to "The Muddy Pig."

13.     Further ADA violations may be present inside "The Muddy Pig" but cannot be verified or affirmatively pled by Plaintiff at this time due to his inability to enter the store at all due to the lack of an accessible entrance.

14.     "The Muddy Pig" is a place of public accommodation within the meaning of the ADA and the MHRA. As such, "The Muddy Pig" is required to be in com-

pliance with the ADA and with the ADA's 2004 Accessibility Guidelines, 36 C.F.R. Part 1191, appendices B and D (hereinafter the "ADAAG"), as well as with the MHRA.

15.    Plaintiff has attempted to access "The Muddy Pig," but could not do so independently on a full and equal basis because of his disability, due to the physical barriers to access and violations of the ADA and MHRA that exist at "The Muddy Pig" facilities. As a result of Defendants' non-compliance with the ADA and MHRA, Plaintiff, unlike persons without disabilities, cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

16.    On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

   a.  Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

   b.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination against individuals with disabilities continues to be a serious and pervasive social problem;

   c.  Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    d.  Individuals with disabilities continually encounter various forms of discrimination; and

    e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

17.    Congress explicitly stated that the purpose of the ADA was to:

    a.  Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

    b.  Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    c.  Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

18.    Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

19.    The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title

III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

20.    Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

21.    In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

22.    In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

23.    The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

24.    On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

25.    On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

26.    The long process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

27.    Defendants Muddy Pig, Inc. (lessee/operator) and St. Paul Development Corporation (lessor/owner) have discriminated against Plaintiff by failing to comply with the requirements of the ADA and the ADAAG with regard to the restaurant/bar "The Muddy Pig." A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "The Muddy Pig" which limit Plaintiff's ability to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

a. There is not an accessible entrance to "The Muddy Pig," in violation of ADAAG 206.4 and 404. The entrance threshold has a change in level of greater than ½ inch but is not ramped, in violation of ADAAG 303 and 404.2.5.

b. There is not an accessible route throughout the site and facilities, in violation of ADAAG 206.1 and 206.2.

28.    The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and MHRA encountered by Plaintiff or which exist at "The Muddy Pig."

29.    Due to the lack of an accessible entrance to "The Muddy Pig," Plaintiff is presently unable to identify all barriers or violations which may exist on these

premises and which would impact his ability to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis. Therefore, in order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "The Muddy Pig," in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG, and MHRA.

30.     Compliance with the ADA standards, the ADAAG, and the MHRA is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Many of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable," including, but not limited to: installing ramps and widening doors. 28 C.F.R. § 36.304(b).

31.     Compliance is also readily achievable due to the significant assistance available to businesses. Section 44 of the IRS Code allows a Disabled Access tax credit for small businesses with 30 or fewer full-time employees or with total revenues of $1 million or less, which is intended to offset the cost of undertaking barrier removal and alterations to improve accessibility. Section 190 of the IRS Code provides a tax deduction for businesses of all sizes for costs incurred in removing architectural barriers, up to $15,000. *See* ADA Update: A Primer for Small Business, http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.htm#tax (Mar. 16, 2011).

32.     As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

33.     Plaintiff intends to visit "The Muddy Pig" again in the near future, both to ascertain whether the store remains in violation of the ADA and/or MHRA,

and to attempt to patronize the restaurant on a full, equal, and independent basis. "The Muddy Pig" is located approximately 8.5 miles from Plaintiff's place of residence.

34.    Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff and others like him, who will continue to be unable to independently access the "The Muddy Pig" facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of their rights under the ADA and MHRA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

35.    Plaintiff incorporates and realleges the above paragraphs.

36.    Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

37.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

38.    Defendants have discriminated against Plaintiff and others in that they have failed to make their place of public accommodation fully accessible to per-

sons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff has been denied full and equal access to "The Muddy Pig," and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

39.    Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct, despite the fact that Defendant, Muddy Pig, Inc. has been on notice of the fact that the facilities contained accessibility barriers since at least June 9, 2014. Defendants' violations of the ADA and ADAAG are ongoing.

40.    Defendants have failed to remove architectural barriers to full and equal access by Plaintiff and other persons with disabilities, even though compliance would have been readily achievable. Removal of the architectural barriers would neither fundamentally alter the nature of the business nor result in an undue burden to Defendants.

41.    Plaintiff specifically plans to visit "The Muddy Pig" again in the immediate future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "The Muddy Pig" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

42.    This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "The Muddy Pig" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "The Muddy Pig" until such time as Defendants cure their access barriers.

43.     Plaintiff has retained the undersigned counsel for the filing and prose-cution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A

44.     Plaintiff incorporates and realleges the above paragraphs.

45.     Minn. Stat. 363A.11 provides:

It is an unfair discriminatory practice:

(1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of [...] disability [...]; or

(2) for a place of public accommodation not to make rea-sonable accommodation to the known physical, senso-ry, or mental disability of a disabled person.

46.     Under the general prohibitions established by the MHRA, Minn. Stat. 363A.11, Subd. 2, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privi-leges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

47.     Defendants have engaged in unfair discriminatory practices against Plaintiff and others in that they have failed to make their place of public accommo-dation fully accessible to persons with disabilities on a full and equal basis. The acts herein constitute violations of the MHRA, 363A.11. Plaintiff has been denied full and equal access to "The Muddy Pig" and/or has been denied the opportunity to par-

ticipate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

48.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct, despite the fact that at least one Defendant, "The Muddy Pig" has been on notice of the fact that the facilities contained accessibility barriers since at least June 2014. Defendants' violations of the MHRA are ongoing.

49.     Defendants have failed to remove architectural barriers to full and equal access by Plaintiff and other persons with disabilities, even though compliance would have been readily achievable. Removal of the architectural barriers would neither fundamentally alter the nature of the business nor result in an undue burden to Defendants.

50.     Plaintiff specifically plans to visit "The Muddy Pig" again in the immediate future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "The Muddy Pig" unless and until Defendants are required to remove the physical barriers to access and MHRA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

51.     This Court has authority under Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3–4, to issue an order directing Defendants to cease and desist from their unfair discriminatory practices and to take affirmative action to make their facilities readily accessible to and independently usable by individuals with disabilities. The Court furthermore has authority under these statutory provisions of the MHRA to order Defendants to pay a civil penalty to the state and to pay damages to Plaintiff.

52.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees from Defendants as part of the costs, pursuant to Minn. Stat. 363A.33, Subd. 7.

**WHEREFORE**, Plaintiff respectfully requests:

a.  That the Court issue a Declaratory Judgment that determines that the Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and that Defendants' conduct and/or inaction constitutes an unfair discriminatory practice under the MHRA.

b.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3, enjoining Defendants from continuing their discriminatory practices; including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the MHRA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c.  That the Court order Defendants to pay a civil penalty to the state pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A.29, Subd. 4.

d. That the Court award Plaintiff damages, to be paid by Defendants pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A. 29, Subd. 4.

e. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. 363A.33, Subd. 7, or as otherwise provided by law; and

f. That the Court issues such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the MHRA.

Respectfully submitted,

DATED: 9/2/14

Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801