UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Eric Wong, | Case No. 14-cv-3334 (RHK/TNL) |
| Plaintiff, | **NOTICE OF AND ORDER FOR PRETRIAL SCHEDULING CONFERENCE** |
| v. | |
| Muddy Pig, Inc. and St. Paul Development Corporation, | |
| Defendants. | |

---

TO:  Plaintiff above-named and Plaintiff's attorney Paul R. Hansmeier, Class Justice PLLC, 100 Fifth Street, Suite 1900, Minneapolis, MN 55402.

Defendants above-named and Defendant's attorneys Jack E. Pierce and Mercedes A. Gustafson, Bernick Lifson, P.A., 5500 Wayzata Boulevard, Suite 1200, Minneapolis, MN 55416.

If counsel for all parties are not listed above, it shall be the responsibility of Plaintiff's counsel (1) to immediately notify those parties and counsel of this conference, and (2) to immediately inform those parties and counsel of the requirements set forth in this notice and order.

## I. DATE, TIME, PLACE AND PARTICIPANTS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District, a pretrial conference of trial counsel in the above matter shall be held in Chambers 342, at U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101, on **December 11, 2014 at 11:00 a.m.,** before United States Magistrate Judge Tony N. Leung to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters.

1

Attached hereto is a template of the Pretrial Scheduling Order that will be used by the Court at the pretrial conference. Parties and respective counsel shall familiarize themselves with the template and be prepared to complete it at the pretrial conference.

## II. MEETING, REPORTS AND DISCLOSURES REQUIRED

A. Pursuant to Federal Rule of Civil Procedure 26(f), trial counsel for each party shall meet no later than 21 days before the pretrial conference, to discuss settlement, and to prepare the report required by Rule 26(f) and Local Rule 16.2.

B. If the case does not settle, no later than 14 days after the parties conduct their 26(f) meeting, counsel shall jointly prepare and file electronically on ECF, in compliance with the Electronic Case Filing Procedures for the District of Minnesota, a complete written report of the Rule 26(f) meeting. A copy of the report shall also be delivered to chambers no later than 14 days after the parties conduct their 26(f) meeting, at the following e-mail address: leung_chambers@mnd.uscourts.gov.
The report shall include:

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

    a. The date and place at which the meeting was held;

    b. Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting;

    c. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

    d. An agenda of matters to be discussed at the Pretrial Conference.

2. **Description of the case**

    a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

    b.    In diversity cases in which a limited liability corporation or partnership entity is a named party, the concise statement shall contain a brief description of the availability of diversity jurisdiction, including a list of all members and the citizenship of each member of the limited liability corporation or a list of all partners and the citizenship of all partners of the partnership entity, consistent with the Federal Rules of Civil Procedure and the Local Rules;

    c.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

    d.    A summary itemization of the dollar amount of each element of the alleged damages.

**3.** **Pleadings**

    a.    A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

    b.    The date by which all motions that seek to amend the pleadings or add parties will be filed; and

    c.    Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**4.** **Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.)  Such a plan shall include such matters as production of electronically stored information (ESI), focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay. Such a plan, at a minimum, shall include the following:

    a.    The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

  b.  Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

  c.  Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

  d.  The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

  e.  The number of interrogatories each party shall be permitted to serve;

  f.  The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take;

  g.  The number of expert depositions each party shall be permitted to take; and

  h.  A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

**5.**  **Close of Discovery and Non-Dispositive Motions**

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

**6.**  **Dispositive Motions and Trial**

  a.  The date by which all dispositive motions shall be served, filed and heard;

  b.  The date by which the case shall be ready for trial;

  c.  The number of expert witnesses each party expects to call at trial; and

  d.  Estimated trial time (including jury selection and instructions, if applicable).

C.  Unless otherwise agreed by counsel, the initial disclosures shall be

exchanged no later than the time limits set forth by Rule 26(a)(1).

    **D.**    **No later than seven (7) days before the Rule 16 conference, each party shall also submit a Letter/Memorandum concerning settlement—including without limitation, whether the case is appropriate for early settlement or alternative dispute resolution—which shall remain confidential between the Court and that party. The confidential settlement letter shall be delivered to Magistrate Judge Leung's chambers via e-mail to leung_chambers@mnd.uscourts.gov <u>or</u> by U.S. Mail (not both).**

### III. <u>EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)</u>

If the parties consent to have this matter tried before the Magistrate Judge, <u>all counsel must jointly sign</u> the "Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" form by the date of the pretrial conference.  This form is available from the United States District Court for the District of Minnesota's website, www.mnd.uscourts.gov, in the Civil Forms table under "Court Forms."  Send the completed form directly to the chambers of United States District Court Judge Richard H. Kyle, at the following e-mail address:  kyle_chambers@mnd.uscourts.gov.

### IV. <u>REMEDIES</u>

Failure to comply with any provision of this Order or any other consistent order

5

6

shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that the Court may from time to time deem appropriate.

**IT IS SO ORDERED.**


Dated:  October 8, 2014                    _____*s/Tony N. Leung*_____
                                            Tony N. Leung
                                            U.S. Magistrate Judge

                                            *Wong v. Muddy Pig, Inc. et al.*
                                            *14-cv-3334 RHK/TNL*

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC WONG,<br><br>          PLAINTIFF,<br><br>V.<br><br>MUDDY PIG, INC. AND ST. PAUL DEVELOPMENT CORPORATION,<br><br>          DEFENDANTS. | CIVIL NO. 14-CV-3334 (RHK/TNL)<br><br>**PRETRIAL<br>SCHEDULING ORDER** |

      Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

<u>Pleadings and Disclosures</u>

_____    All pre-discovery disclosures required by Rule 26(a) (1), including production of documents, shall be completed on or before this date.

_____    All motions which seek to amend the pleadings to add claims or to add parties must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed amended pleading.

_____    Any motions seeking leave to amend for punitive damages must be served and filed on or before this date.

<u>Discovery and Non-Dispositive Motions</u>

_____    All Rule 35 medical examinations shall be completed and the report of the examining physician served on the opposing party by this date.

          Disclosure of the identity of no more than \_\_\_\_\_ expert witnesses per party/side under Rule 26(a) (2) (A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be served on the following dates:

7

    _____ By plaintiff
    _____ By defendant
    _____ Rebuttal by plaintiff and defendant

_____ All fact discovery of any kind shall be commenced in time to be completed by this date.

_____ All expert discovery of any kind, including expert depositions, shall be commenced in time to be completed by this date.

_____ All non-dispositive non-expert related motions, and

_____ All non-dispositive expert related motions, and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) including those which relate to discovery and any request for extension of this Pretrial scheduling Order, shall be SERVED AND FILED by this date.[1] Prior to scheduling any non-dispositive motion and following the conference required by Fed. R. Civ. P. 37(a) (1) and L.R. 37.1, the parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through a telephone conference with the Magistrate Judge.[2] To the extent that any non-dispositive motion is to be filed, such motion shall be scheduled for hearing by calling the chambers of Magistrate Judge Tony N. Leung at 651-848-1870. Provided that the parties first obtain leave of the Court, as required by Local Rule 7.1(b), a reply memorandum not exceeding 1750 words (including footnotes) may be filed and delivered to opposing counsel and the chambers of this Court no later than 12:00 noon two business days preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1,

---

[1] In the event the Court is unable to schedule the hearing before this date because of conflicts in its own schedule, the moving party's motion papers (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order) must be served and filed 14 days before this date, the responding party's response must be served and filed 7 days before this date, and the moving party's reply served an filed no later than 12:00 noon two business days before this date.

[2] At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (e.g. the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed).If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact Magistrate Judge Leung's Chambers, 651-848-1870, to schedule the conference. The parties must submit short letters, with or without a limited number of documents attached, prior to the conference to set forth their respective positions. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

and 37.1 as modified as follows: When a submission is filed on ECF, two paper hard copies, three-hole punched, of the entire submission shall be mailed or delivered to the undersigned in an envelope addressed to Magistrate Judge Leung's Chambers contemporaneously with the submission being posted on ECF. In addition, with respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and the Court contemporaneously with the documents being posted on ECF.

Dispositive Motions and Trial

All dispositive motions[3] (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), shall be SERVED, FILED AND HEARD on or before this date. Notwithstanding the provisions of Local Rules 7.1(c)-(d), the following procedures shall apply to the dispositive motion practice in this case[4]:

1. The moving party shall first contact Courtroom Deputy Kathy Thobe at 651-848-1166 to secure a hearing date <u>at least 42 days</u> in the future. Once the moving party has secured a hearing date, it shall promptly file a Notice of Hearing on Motion informing all parties of the nature of the motion and the date, time and location of the hearing;

2. The moving party shall serve and file the following documents <u>at least 42 days</u> before the scheduled hearing; (a) motion; (b) memorandum of law; and (c) affidavits and exhibits;

3. The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing: (a) memorandum of law; and (b) affidavits and exhibits;

4. The moving party may serve and file a reply memorandum of law <u>at least 14 days</u> before the hearing. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response;

5. If the Court *sua sponte* cancels the hearing or continues the hearing date, all subsequently filed motion papers must be served as if the original hearing date were still in effect, unless otherwise directed by the Court; and

---

[3] The following are deemed dispositive motions under this order: motions for preliminary or permanent injunctive relief; motions to dismiss, for judgment on the pleadings or for summary judgment; motions to certify a class action; motions to exclude expert testimony under <u>Daubert v. Merrill Dow Pharmaceuticals, Inc</u>., 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702; motions to remand or transfer; and motions to compel arbitration. Absent permission from the Court, a party moving for a temporary restraining order must file and serve its motions papers, in addition to the Summons and Complaint, on the proposed-enjoined party before the Court will entertain the motion. A motion for a temporary restraining order is not subject to the 42-day rule set forth below; rather, the courtroom deputy will advise the parties of the hearing date and briefing schedule. All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony absent advance permission from the Court.

[4] Parties need <u>not</u> submit proposed orders with Motions.

9

      6.      Parties need not meet and confer, as required under Local Rule 7.1(a), in advance of filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the Court.

All other provisions in Local Rule 7.1 are unaffected by this Order and remain applicable, including the word limitations in Rule 7.1(f).

When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Calendar Clerk Kathy Thobe contemporaneously with the documents being posted on ECF.

_____ This case shall be ready for trial as of this date. The parties estimate that trial of this Jury matter will take _____ days.

Status Letters and Settlement Conference(s)

_____
_____ Counsel for the parties shall CM/ECF file _____ joint letters to the Court setting forth the status of the case with reasonable specificity on or shortly prior to these dates.

*OR*

_____
_____
_____ On or shortly before these dates, counsel for each party shall submit three CONFIDENTIAL letters to the Court setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement.

_____ The parties agree/do not agree that an early settlement conference is appropriate in this case at this time. The parties shall appear for an early settlement conference with the Court at 9:30 a.m. on this date.

_____ A settlement conference shall take place at 9:30 a.m. in the chambers of the undersigned. A settlement conference order will be issued to the parties at a later date.

General

      No more than _____ depositions shall be taken per party.

      No more than _____ interrogatories (including all subparts) shall be served by one party on another party.

Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Document Requests.  OR *No more than ___ Document Requests shall be served by either side/party.*

Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Requests for Admission. OR *No more than ___ Requests for Admissions shall be served by either side/party.*

Protective Order and Electronic Discovery

_____        On or before this date, the parties shall jointly CM/ECF file a stipulated protective order for the Court's review.

*OR*

The parties intend to enter into a protective order.  In the interim, any documents which any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place.  After the protective order is entered, the producing party shall designate the documents under the protective order.

The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.  No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so.  Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.

\_\_\_\_\_        On or before this date, the parties shall jointly CM/ECF file a stipulated ESI Discovery Plan for the Court's review.

The parties shall preserve all electronic documents that bear on any claims, defenses or the subject matter of this lawsuit.

Prior Orders and Remedies

All prior consistent orders remain in full force and effect.

Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete

11

or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: December \_\_\_, 2014

                                                Magistrate Judge Tony N. Leung
United States District Court

*Wong v. Muddy Pig, Inc. et al.*
*14-cv-3334 RHK/TNL*