**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eric Wong,

                    Plaintiff,         Civ. No. 14-3334 (RHK/TNL)
                                                       **MEMORANDUM OPINION**
                                                       **AND ORDER**

v.

Muddy Pig, Inc., and St. Paul
Development Corporation,

                    Defendants.

---

Paul R. Hansmeier, Class Justice PLLC, Minneapolis, Minnesota, for Plaintiff.

James M. Njus, Stephen M. Harris, Thomas E. Meyer, Meyer & Njus, P.A., Minneapolis, Minnesota, for Defendant St. Paul Development Corporation.

---

**INTRODUCTION**

Plaintiff Eric Wong suffers from Ehlers-Danlos Syndrome, a condition affecting his joints and musculoskeletal system; he cannot stand or walk for significant periods of time and uses a wheelchair for mobility. In this action, he alleges Defendant Muddy Pig, Inc. ("Muddy Pig"), a pub located in St. Paul, Minnesota, and Defendant St. Paul Development Corporation ("SPDC"), the corporation owning the building in which Muddy Pig is located, have violated the Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA") by failing to remove architectural barriers in Muddy Pig's entryway. Presently before the Court is SPDC's Motion to Dismiss (Doc. No. 14). For the reasons that follow, the Motion will be denied.

## BACKGROUND

In June 2014, Wong attempted to enter Muddy Pig but was unable to do so due to a six-inch step at the entrance. (Compl. ¶ 12.) Muddy Pig lacks an alternative entrance, such as a ramp, that would have allowed him to enter using his wheelchair. (Id. ¶ 13.) It is unclear from the Complaint whether Wong immediately notified Muddy Pig of his difficulty entering the building, but he alleges the pub has "been on notice of the fact that [it] contain[s] accessibility barriers since at least June 9, 2014." (Id. ¶ 39.) The pub is approximately 8.5 miles from Wong's home and he intends to visit again in the future, "both to ascertain whether [it] remains in violation of the ADA and/or MHRA, and to attempt to patronize the restaurant on a full, equal, and independent basis." (Id. ¶¶ 11, 33.) The six-inch step and lack of a ramp, however, prevent him from doing so.

Wong commenced this action in September 2014, seeking injunctive relief and damages for violation of the "public accommodation" provisions of the ADA and the MHRA. SPDC now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing (respectively) that Wong (1) lacks standing and (2) has failed to state a claim upon which relief may be granted. The Motion has been fully briefed, the Court heard oral argument on December 3, 2014, and the Motion is ripe for disposition.

## ANALYSIS

The ADA and MHRA each prohibit discrimination "on the basis of disability in the full and equal enjoyment of . . . any place of public accommodation." 42 U.S.C. § 12182(a); accord Minn. Stat. § 363A.11, subd. 1(a)(2) ("It is an unfair discriminatory practice . . . for a place of public accommodation not to make reasonable accommodation

to the known physical, sensory, or mental disability of a disabled person."). The parties agree that claims under the two statutes are analyzed in the same fashion, see also, e.g., McAdams v. United Parcel Serv., Inc., 30 F.3d 1027, 1029 n.3 (8th Cir. 1994), and that Muddy Pig is a place of "public accommodation," see 42 U.S.C. § 12181(7)(B) (including "a restaurant, bar, or other establishment serving food or drink" within the definition); Minn. Stat. 363A.03, subd. 34 ("'Place of public accommodation' means a business, accommodation, refreshment, entertainment, recreation, or transportation facility of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages or accommodations are extended, offered, sold, or otherwise made available to the public."). Nevertheless, SPDC challenges whether Wong has standing to allege claims for violating these statutes and, even if he does, whether he has adequately pleaded such claims. The Court addresses these contentions in turn below.

### I.   Standing (Rule 12(b)(1))

A standing challenge under Federal Rule of Civil Procedure 12(b)(1) implicates the Court's subject-matter jurisdiction and, accordingly, must be addressed before reaching the merits. E.g., Turkish Coalition of Am., Inc. v. Bruininks, 678 F.3d 617, 621 (8th Cir. 2012) ("[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit.") (internal quotation marks and citation omitted). Two types of standing challenges exist: a facial attack, which (as the name suggests) challenges the plaintiff's standing allegations on their face, and a factual attack, which looks behind the allegations to the underlying facts. See, e.g., Stalley v. Catholic Health Initiatives, 509 F.3d 517, 520-21 (8th Cir. 2007); Osborn v. United States, 918 F.2d 724,

729 n.6 (8th Cir. 1990). On a facial challenge the Court determines only whether the plaintiff has plausibly alleged facts suggesting standing exists, mirroring the standard under Federal Rule of Civil Procedure 12(b)(6), Stalley, 509 F.3d at 521, while on a factual challenge the Court may consider matters beyond the pleadings and resolve facts to determine standing, Osborn, 918 F.2d at 729 n.6.

Here, SPDC mounts a facial challenge,[1] arguing Plaintiff has failed to adequately allege injury-in-fact because he "fails to allege anything more than a vague intent to return to [Muddy Pig] someday." (Def. Mem. at 10 (internal quotation marks omitted).) But the Court recently considered and rejected a strikingly similar argument in another ADA case, Sawczyn v. BMO Harris Bank Nat'l Ass'n, 8 F. Supp. 3d 1108 (D. Minn. 2014) (Kyle, J.). There, the blind plaintiff alleged the defendant's ATM machine violated the ADA because it lacked Braille lettering, and the defendant challenged the plaintiff's standing to sue based on his unspecific allegation that he had used the machine in the past and would do so in the future. Id. at 1111-13. The Court rejected this argument and concluded the plaintiff enjoyed standing for reasons equally applicable here. Those reasons need not be repeated; for all the reasons articulated in Sawczyn, the Court concludes Wong has demonstrated facial standing to sue. See id. (noting matters such as proximity to location, definiteness of plans to return, past patronage, and similar factors impact the standing analysis).

---

[1] SPDC also invites the Court to undertake a factual analysis, but the Court declines to do so at this early juncture, as no discovery has taken place. SPDC may explore the basis for standing during discovery and mount a factual challenge at a later stage of the proceedings. See Sawczyn v. BMO Harris Bank Nat'l Ass'n, 8 F. Supp. 3d 1108, 1111 (D. Minn. 2014) (Kyle, J.) ("[T]he parties may challenge jurisdiction more than once through the course of litigation.").

## II.     Failure to state a claim (Rule 12(b)(6))

### a.     Standard of review

The standard for evaluating a motion to dismiss under Rule 12(b)(6) was set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 547.  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at 555.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions."  Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556).  The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff.  Twombly, 550 U.S. at 554-56.  A complaint should not be dismissed simply because the Court is doubtful the plaintiff will be able to prove all of the necessary factual allegations.  Id. at 556.  Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is very remote and unlikely.  Id.  "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

### b.     The ADA and SPDC's arguments

SPDC's arguments concern the requirements for access to public buildings found in the ADA Accessibility Guidelines, 42 U.S.C. § 12183(a). Under those Guidelines, public accommodations must remove architectural barriers to accessibility when doing so would be "readily achievable." § 12182(b)(2)(A)(iv).[2] Similarly, the MHRA looks at the cost, nature of needed alteration, available resources, and other analogous factors to determine whether a place of public accommodation can readily make "reasonable accommodation" for disabled persons. See Minn. Stat. § 363A.11, subd. 1(2).

Here, SPDC argues that Wong has not adequately alleged removal of the six-inch step at Muddy Pig's entrance would be "readily achievable." Although he alleges remediation could be easily accomplished "due to the lack of difficulty and low cost" (Compl. ¶ 30), SPDC contends he offers only vague generalities about how such a change might be accomplished. (See Def. Mem. at 6-8.) It argues, for example, that the Complaint "contains no allegation regarding the material from which the six-inch step is constructed, the size of the step, the location of the step vis-a-vis the sidewalk and street or building cutout, the zoning or historical status of the building, and no allegation as to the difficulty in acquiring the permits and variances required to take remedial action." (Id. at 7.) Accordingly, it asserts Wong has not adequately alleged a violation of either

---

[2] This portion of the Guidelines applies only to places of public accommodation that have not been constructed or modified since January 26, 1993. See, e.g., Strong v. Valdez Fine Foods, 724 F.3d 1042, 1047 (9th Cir. 2013); United States v. Hoyts Cinemas Corp., 380 F.3d 558, 561 n.2 (1st Cir. 2004). Here, the parties have assumed Muddy Pig's building was not constructed or altered since January 26, 1993, and no allegation to the contrary is found in the Complaint.

the ADA or the MHRA.  In the Court's view, this argument is flawed for two key reasons.

    First, SPDC is attempting to foist onto Wong too stringent a pleading standard. Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Here, Wong has alleged that Muddy Pig, a place of public accommodation, includes an entrance that is not accessible to him as a disabled person because of the six-inch step and the lack of a ramp. (See Compl. ¶¶ 1, 7-9, 12-13.)[3]  This is sufficient to adequately plead his claims.  See, e.g., Wilson v. Haria & Gogri Corp., 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007) (elements of claim are "(1) [the plaintiff] is disabled, (2) the facility in question is a place of public accommodation, (3) the facility contains an architectural barrier, [and] (4) the plaintiff had actual knowledge of the architectural barrier precluding his full and equal access to the facility"); Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001) (plaintiff must show "1) that he is disabled; 2) that the [defendant] is a place of public accommodation; and 3) that he was denied full and equal treatment because of his disability").  SPDC's argument about whether modifications are "readily achievable" misses the mark because achievability is an affirmative defense.  See, e.g., Colo. Cross Disab. Coalition v. Hermanson Family Ltd. P'ship I, 264 F.3d 999, 1002 (10th Cir. 2001) (ADA provision about ready achievability of removing architectural

---

[3] Although these allegations are specific to Muddy Pig and not SPDC, "[b]oth the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates [it] are public accommodations subject to the requirements of" the ADA.  28 C.F.R. § 36.201(b).

- 7 -

barrier is "an affirmative defense for an entity"); Hernandez v. Polanco Enters., Inc., 19 F. Supp. 3d 918, 931 (N.D. Cal. 2013) ("District courts are generally in agreement that whether barrier removal is readily achievable is an affirmative defense.") (internal quotation marks and citation omitted).  And it is well-settled that a plaintiff need not plead around an affirmative defense in his complaint.  See, e.g., Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised."); FDIC V. Deloitte & Touche, 834 F. Supp. 1129, 1148 (E.D. Ark. 1992) ("As a general rule, plaintiffs have no duty to anticipate affirmative defenses; thus, they are not ordinarily required to plead avoidance of [them].").

Second, the ADA defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," considering factors such as cost, financial resources available, and the type of public accommodation involved.  42 U.S.C. § 12182(9).  The Complaint alleges that compliance with the ADA and MHRA is readily achievable through the installation of a ramp and that financial assistance is available to reduce the burden of such modifications.  (Compl. ¶¶ 30-31.)  Federal law suggests that installing a ramp may be a readily achievable modification.  See 28 C.F.R. § 36.304(b)(1).  In the Court's view, therefore, even if Wong bore the burden of pleading facts suggesting ready achievability in his Complaint, his allegations are sufficient to do so.  See, e.g., Stringham v. 2921 Orlando Drive LLC, No. 6:13-cv-1587, 2014 WL 4060034, at *2 (M.D. Fla. Aug. 14, 2014) ("Removability need not be pleaded with specificity."); Flaum v. Colonial Williamsburg Found., Civ. A. No. 4:12cv111, 2012 WL

5879128, at *6 (E.D. Va. Nov. 21, 2012) (sufficient for plaintiff to plead "it is readily achievable for Defendant to correct the ADA violations . . . without threatening or destroying the historical significance of any facility in Merchants Square").

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that SPDC's Motion to Dismiss (Doc. No 14) is **DENIED.**

Dated:  January 16, 2015                                    s/Richard H. Kyle
                                                                                 RICHARD H. KYLE
                                                                                 United States District Judge